[Cite as *State v. Gadison*, 2026-Ohio-472.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 CA 00060 & 2025 CA 00061 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Municipal Court, Case Nos. 2025 CRB 0125, 2025 TRD 0160 |
| PERCY GADISON | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: February 12, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Kevin W. Popham, Appellate Judges

**APPEARANCES:** JASON P. REESE, KATIE M. ERCHICK GILBERT, MAGDALANA WALLACE, for Plaintiff-Appellee; GEORGE URBAN, for Defendant-Appellant.

*King, P.J.*

{¶ 1}   Defendant-Appellant Percy Gadison appeals the May 9, 2025 judgment of the Canton Municipal Court which denied his motion to suppress. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

{¶ 2}   In early January, 2025, Canton Police Detective Michael Brown was made aware of 411 tip-line complaint regarding Gadison selling drugs in a local Circle K parking lot. Detective Brown works as part of the Canton Police Department's community response team (CRT) and familiarized himself with Gadison in response to the tip. Brown reviewed Gadison's LEADS report, his CJIS record, and his available social media. These sources provided several photos of Gadison, some when Gadison had short hair and

some when he had dreadlocks. The information additionally provided Brown with information indicting Gadison's operator's license was suspended until at least 2028.

{¶ 3}   On January 11, 2025, Brown was patrolling the area near the Circle K and observed Gadison standing beside a Chrysler 300.  Later, at 8:24 p.m., while Brown was sitting stationary in his cruiser at the intersection of 14th St. NE and Gibbs Street NE, he observed Gadison operating the Chrysler through the intersection. Brown therefore conducted a traffic stop and cited Gadison for driving under suspension as well as failure to comply with the order or signal of a police officer.

{¶ 4}   Gadison pled not guilty and filed a motion to suppress the stop. On May 9, 2025, a hearing was held on the motion. The State presented the testimony of Detective Brown. Gadison rested without presenting evidence. The same day, via judgment entry, the trial court overruled Gadison's motion to suppress.

{¶ 5}   On May 21, 2025, Gadison filed a motion to reconsider which the trial court denied the same day.

{¶ 6}   Gadison subsequently entered pleas of no contest.

{¶ 7}   Gadison timely filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follows:

I

{¶ 8}   "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT BASED ITS DECISION ON A MISUNDERSTANDING OF THE RECORD."

II

{¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION BY CREDITING DETECTIVE BROWN'S TESTIMONY WHICH WAS INHERENTLY UNRELIABLE AS A MATTER OF LAW AND CONTRARY TO WELL-SETTLED SCIENTIFIC PRINCIPLES."

Initial Matters

{¶ 10} As Gadison's reply brief notes, State's brief is non-responsive to the any of the issues raised in Gadison's initial brief. We therefore address only those matters raised by Gadison in his initial brief.

I

{¶ 11} In his first assignment of error, Gadison argues the trial court's decision denying his motion to suppress was based on a misunderstanding of the record. We disagree.

{¶ 12} As stated by the Supreme Court of Ohio in *State v. Leak*, 2016-Ohio-154, ¶ 12:

> "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). On appeal, we "must accept the trial court's

findings of fact if they are supported by competent, credible evidence." *Id*., citing *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶ 13} As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

## Gadison's Argument

{¶ 14} Gadison's argument hinges on his interpretation of one paragraph of the trial court's judgment entry, specifically:

On the date of the stop, Detective Brown testified that he saw the Defendant standing next to a vehicle in a Circle K parking lot. He was in uniform and in a marked cruiser. Detective Brown then testified he saw the Defendant driving the vehicle. Based on Detective Brown's knowledge of the defendant not having a valid license, he initiated the stop.

{¶ 15} Judgment Entry, May 9, 2025 at page 2.

{¶ 16} According to Gadison, these facts are not supported by the record because "Detective Brown never testified that he saw the Appellant driving the automobile at the gas station." Brief of appellant at 4. But nothing in the cited paragraph states Brown saw Gadison driving at the gas station.

{¶ 17} Moreover, Brown's testimony was clear; he saw Gadison twice on the evening in question. The first time, he merely observed Gadison standing beside his vehicle at the gas station. The second time was a short time later when Brown actually observed Gadison driving the same vehicle at a different location. Transcript of suppression hearing (T.) 16, 20-21. We therefore reject Gadison's argument that the trial court's decision rested on an inaccurate statement of the evidence.

{¶ 18} The first assignment of error is overruled.

II

{¶ 19} In his final assignment of error, while not labeled as such, Gadison makes a manifest weight argument. He alleges the trial court's ruling was erroneous because the testimony of Detective Brown was not credible. We disagree.

Standard of Review

{¶ 20} When an appellant raises a manifest-weight argument, this court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

Gadison's Argument

{¶ 21} Gadison argues Brown's testimony was inherently unreliable because it was after sunset when Brown spotted Gadison driving his car. First, in a footnote Gadison takes issue with the trial court's "material" finding that the traffic stop took place at 8:24 p.m. because "nothing in the record indicates this is true." Brief of Appellant at 8. We note however, that the traffic citation contained in the record indicates the stop took place at 20:24 military time, which is 8:24 standard time. We further note the detail is immaterial as the parties did not dispute the stop took place after dark.

{¶ 22} Next Gadison appears to argue that because the stop took place after dark, it was impossible for Brown to determine who was driving the Chrysler before he initiated the stop. The record reflects, however, that Brown researched Gadison in response to a tip-line complaint and viewed photos of him through law enforcement data bases and social media one week before the stop. T. 7-8.

{¶ 23} On the evening in question, Brown observed Gadison standing beside his Chrysler in the same parking lot where the tipster indicated Gadison sold drugs. A short time later, as Brown sat stationary in his cruiser, he observed Gadison driving past him the same vehicle. Brown testified he was able to view the person behind the wheel despite the hour as Gadison's vehicle did not have tinted windows. T. 16, 20. Contrary to Gadison's argument, Detective Brown's testimony is simply not implausible.

{¶ 24} Finally, "[a] police officer may effect a traffic stop of any motorist for any traffic infraction, even if the officer's true motive is to detect more extensive criminal conduct." *State v. Bennett*, 2006-Ohio-4274, ¶ 21 (8th Dist.), citing *United States v. Mesa,* 62 F.3d 159, 162 (6th Cir.1995). Here Detective Brown was aware Gadison did not have

a valid operator's license, yet was operating a vehicle. The trial court therefore did not err in finding the stop valid.

{¶ 25} Having reviewed the entire record, weighed the evidence and all reasonable inferences, and considered witness credibility, we find the trial court did not lose its way or create a manifest miscarriage of justice in denying Gadison's motion to suppress. Accordingly, the final assignment of error is overruled.

{¶ 26} For the reasons stated in our accompanying Opinion, the judgment of the Canton Municipal Court is affirmed.

{¶ 27} Costs to Appellant.

By: King, P.J.

Hoffman, J. and

Popham, J. concur.